Jeffrey M. Eilender
Managing Partner

212-612-1212
jeilender@schlamstone.com



26 Broadway, New York, NY 10004
Main: 212 344-5400  Fax: 212 344-7677
schlamstone.com

June 16, 2026

**BY ECF**



Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*RE:    Cuddy Law Firm, P.L.L.C. v. New York City Dept. of Educ., et al.,*
*Index No. 26-cv-4915-KPF*

Dear Judge Failla,

We represent Defendants Adrienne Arkontaky and her law firm, The Arkontaky Law Group ("ALG") in the above-referenced matter. I write to join in the request by Defendant New York City Department of Education ("DOE") to stay this action pending the ongoing arbitration between Plaintiff Cuddy Law Firm, PLLC (the "Cuddy law firm") on one hand and Ms. Arkontaky, on the other and to respond to the letter of June 16, 2026, from the Cuddy law firm opposing the stay. The stay should be granted for the reasons stated in DOE's letter and for the additional reasons set forth herein.

This suit by the Cuddy law firm is a material –indeed egregious – breach of the partnership agreement between Mr. Cuddy and Ms. Arkontaky which is the subject of the pending arbitration.  Attached hereto as Ex. 1 is a copy of the September 1, 2014 agreement. Under Section 4.4 of the Agreement, once Ms. Arkontaky was terminated from the firm (as she was), the parties were to consult with the clients and agree which cases were to remain with the Cuddy law firm and which would go with Ms. Arkontaky's firm, ALG. The parties were to split the fees from any award in both the cases that remained with the Cuddy firm and those that went with Ms. Arkontaky.  Significant for this proceeding is that Section 4.4 provides that once an election has been made by the clients, the non-selected firm shall not interfere in the selected firm's representation of those clients. The firm that was selected by the clients would be the one to settle the fee award with DOE with respect to those cases and then remit to the non-selected firm its allocation of those fees.  The clients whose cases are at issue in this federal action selected Ms. Arkontaky's firm to represent them (known in the Arbitration as the "Transferred Cases").  While the Cuddy firm asserted a lien on its portion of the fees to awarded in the Transferred Cases, nothing in the Agreement gives it a right to interfere in settlement discussions, let alone file a lawsuit over those cases. Indeed, such an action runs contrary to the Agreement and has already damaged ALG and its clients, as the DOE will not settle with ALG while this lawsuit is pending.  In the absence of this federal action, as predicted in the DOE's letter, those fee applications will likely be settled quickly.

Honorable Katherine Polk Failla
June 16, 2026
Page 2 of 2

With respect to the arbitration, discovery and all-pre-hearing proceedings are complete, the arbitration hearing commenced in April and went on for three and a half days and is currently scheduled to conclude in July. A copy of the Arbitration Statement of Claim is attached hereto as Ex. 2.

The arbitration encompasses Cuddy's breach of the partnership agreement by commencing this lawsuit. Indeed, we intend to promptly seek to amend the Statement of Claim to add a new claim for such breach and to seek an injunction from the Arbitrator enjoining Cuddy from continuing this action and for damages based on the partnership agreement before the arbitrator. The May 20, 2026 email from the Arbitrator attached as Ex. 2 to the Cuddy Letter underscores the impermissible circumvention of the Arbitration.  In that email, the Arbitrator expressly instructed the parties to work together in settling the outstanding fee applications. This renegade action is the opposite of what the Arbitrator instructed.  Rather than cooperating with Ms. Arkontaky, the Cuddy firm acted unilaterally and without notice in filing a lawsuit that has sabotaged ALG's efforts to settle with the DOE. Worse, the Cuddy firm misrepresents the context of the Arbitrator's email. The email was in response to application to the arbitrator for an instruction to the Cuddy firm not to interfere with the ALG's representation of its clients.  Our email was prompted by the Cuddy law firm's reaching out to current clients of ALG and soliciting work in direct breach of the agreement, which is what we explained to the Arbitrator.  In his email in response to our request for assistance, the Arbitrator asserted ownership of this very issue, as well he should since it is governed by the agreement and falls squarely within the Arbitration. Filing an unsanctioned lawsuit—after the Arbitrator all but forbade such unilateral action --  is the most extreme kind of such interference.

Section 7.10 of the partnership agreement contains a broad arbitration provision: "Any dispute, including a  claimed breach of the terms hereof, arising out of or in connection with this Agreement shall be resolved by arbitration [.]" As the Cuddy law firm's filing of this federal action is a breach of Section 4.4(d) of the partnership agreement as well as of the covenant of good faith and fair dealing implied in the agreement, that claim is subject to mandatory arbitration. In addition, the filing of this lawsuit violates the Arbitrator's directives to the parties. Thus, this case should be stayed pending the resolution of the arbitration. Indeed, because this federal proceeding is a challenge to the Arbitrator's authority, he should be the one to deal with it in the first instance.

Respectfully Submitted,

Jeffrey M. Eilender

Cc (counsel of record, by efiling)

The Court has reviewed (i) Defendant New York City Department of Education's request to stay this matter (Dkt. #12); (ii) Plaintiff Cuddy Law Firm, P.L.L.C.'s opposition to that request (Dkt. #13); (iii) Defendants Adrienne Arkontaky and The Arkontaky Law Group P.C.'s above joining in the DOE's request (Dkt. #14); and (iv) Plaintiff's reply (Dkt. #15).  Plaintiff is reminded that Rule 2(C) of the Court's Individual Rules of Practice in Civil Cases does not contemplate the filing of reply letters.

After considering the parties' positions, and given the representation that the underlying arbitration will conclude in July 2026, the Court GRANTS Defendants' request.  This matter is hereby STAYED.

The parties shall file their next status update on or before **July 31, 2026,** or within one week of any updates in the underlying arbitration.  The parties shall also notify the Court of any intention to move to compel arbitration in this case.

The Clerk of Court is directed to terminate the pending motion at docket entry 12.

Dated:    June 17, 2026       SO ORDERED.
          New York, New York

                              HON. KATHERINE POLK FAILLA
                              UNITED STATES DISTRICT JUDGE